UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICK MADDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:12-cv-01453-TWP-MJD |
| HOMEWARD RESIDENTIAL MORTGAGE, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO REMAND**

This matter comes before the Court on Plaintiff Rick Madden's Opposition to Defendants' [sic] Motion to Removal [sic] for Lack of Jurisdiction (Dkt. 8). Because Mr. Madden is essentially challenging Defendant Homeward Residential Mortgage's ("Homeward") removal of his case to this Court (Dkt. 1), the Court will treat this as a Motion to Remand. For the reasons stated below, Mr. Madden's Motion to Remand is **DENIED**.

## I.  BACKGROUND

Mr. Madden filed his Complaint against Homeward in Marion Superior Court 12 on September 7, 2012, alleging four counts: (1) unjust enrichment; (2) gross negligence; (3) violations of the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501-597b ("SCRA"); and (4) tortious interference with a contract. (Dkt. 1-1). Mr. Madden alleges as the factual basis for all four counts actions Homeward took while servicing his home mortgage loan. Mr. Madden alleges that Homeward violated the SCRA by initiating foreclosure proceedings and assessing certain interest and fees while he was in active military service, and also that those same actions give rise to his state law claims. The foreclosure actions themselves were filed in March 2008 and March 2012 in Marion Superior Court 12. Dkt. 1-1 at 2 ¶ 12, 17; Dkt. 8 at 1 ¶ 2.

1

Homeward timely filed its Notice of Removal pursuant to 28 U.S.C. § 1446(b) on October 2, 2012 (Dkt. 1), removing the case to this Court under 28 U.S.C. § 1441(c) based on federal question and supplemental jurisdiction. Mr. Madden filed his objection to the removal pursuant to 28 U.S.C. § 1447(c), arguing that the Court lacks subject matter jurisdiction because he believes that the case is already pending in Marion Superior Court as part of the foreclosure action.

## II.     DISCUSSION

Homeward bases removal on 28 U.S.C. § 1441(c), which permits removal of civil actions that include claims arising under the laws of the United States over which the district court has original jurisdiction under 28 U.S.C. § 1331, and any state law claims over which the district court has supplemental jurisdiction under 28 U.S.C. § 1367. Only state-court actions that originally could have been filed in federal court may be removed to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 293 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Count III of Mr. Madden's Complaint alleges violations under the SCRA, which is a federal statute giving rise to a claim under the laws of the United States and may properly be heard in this Court. *See* 28 U.S.C. § 1331. His remaining state law claims arise out of the same actions that gave rise to his claims under the SCRA, giving the district court supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367. However, Mr. Madden asserts that the Court lacks jurisdiction because an SCRA case "is only to be herd [sic] in federal court if the case is not already being herd [sic] in another court." Dkt. 8 at 1 ¶ 5. The SCRA states "[w]hen under this


Act . . . any application is required to be made to a court *in which no proceeding has already been commenced with respect to the matter*, such application may be made to any court which would otherwise have jurisdiction over the matter." 50 App. U.S.C. § 512(c) (emphasis added). Mr. Madden mistakenly believes that he filed his Complaint as part of the original foreclosure actions, when, in fact, he filed this case subsequent to the foreclosure actions in September 2012 in Marion Superior Court 12 as an independent cause of action for damages under a separate cause number. *See* Dkt. 1-1 at 2. Because there is currently no other action with respect to this matter pending in this Court or any state court, the Court finds that it has jurisdiction over all claims in Mr. Madden's Complaint, and that removal by Homeward was proper.

### III.   CONCLUSION

For the reasons set forth above, Mr. Madden's Motion to Remand (Dkt. 8) is **DENIED**.

SO ORDERED.

Date: 01/23/2013

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RICK MADDEN
604 East 13th Street
Indianapolis, IN 46202-2732

Darren Andrew Craig
FROST BROWN TODD LLC
dcraig@fbtlaw.com

Michele Lorbieski Anderson
FROST BROWN TODD LLC
mlanderson@fbtlaw.com